UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Darius Lewis,

        Plaintiff,                     Case Number: 24-cv-12520
                                            Honorable Gershwin A. Drain

v.

Michigan Department of Corrections, *et al.*,

        Defendants.

_____/

**ORDER TO TRANSFER CASE TO THE UNITED STATES
DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

Plaintiff Darius Lewis is currently confined by the Michigan Department of Corrections at the G. Robert Cotton Correctional Facility in Jackson, Michigan. Lewis has filed a *pro se* complaint under 42 U.S.C. § 1983. Having reviewed the complaint, the Court concludes that venue is not proper in this district and transfers the case to the United States District Court for the Western District of Michigan.

Venue for a civil action brought in federal court is governed by 28 U.S.C. § 1391. Section 1391(b) states:

A civil action may be brought in –

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Public officials "reside" in the county where they perform their official duties. *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).

When venue is improper, a district court may either dismiss the case or, in the interests of justice, transfer the case to a district or division where it could have been brought. *See* 28 U.S.C. § 1406(a). Even when venue is proper, a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses and in the interest of justice. *See* 28 U.S.C. § 1404(a). A court may transfer a case on its own motion for improper venue. *Carver v. Knox Cty., Tennessee*, 887 F.2d 1287, 1291 (6th Cir. 1989).

Lewis names four defendants: the Michigan Department of Corrections, Heidi Washington, Adrian Dirschell, and Lonnie Blount. He claims that Defendants have violated his right to freely exercise his religion. The complaint arises from events occurring in Montcalm County. Defendants are located in Ingham and Montcalm Counties. Both Ingham and Montcalm Counties are in the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). Because Defendants are in the Western District and the complaint concerns events arising there as well, venue is not proper in this district. The case will be transferred to the Western District of Michigan.

Accordingly, it is ORDERED that the Clerk of the Court TRANSFER this case to the United States District Court for the Western District of Michigan. The Court makes no determination as to the merits of the complaint or any filing requirements.

SO ORDERED.

Dated:  October 9, 2024  /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 9, 2024, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager